IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LORENZO LAMAR KELLON                                                              PETITIONER
ADC #165224

v.                                    4:24-cv-00388-JM-JJV

DEXTER PAYNE, Director,
Arkansas Department of Corrections                                                RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

I.   BACKGROUND

Petitioner Lorenzo Lamar Kellon, an inmate at the Varner Unit of the Arkansas Division of Correction, was convicted of capital murder and aggravated robbery in 2016 after a jury trial in the Circuit Court of Jefferson County, Arkansas. *State of Arkansas v. Kellon*, No. 35CR-15-448, https://caseinfonew.arcourts.gov. He was sentenced to life imprisonment without the possibility of parole and forty years, respectively, and the sentence was enhanced by fifteen years for use of a firearm in the commission of the offense. *Id*. Mr. Kellon filed an appeal, and the Arkansas

Supreme Court affirmed. *Kellon v. State of Arkansas*, 2018 Ark. 46, 538 S.W.3d 206. Mr. Kellon did not file a petition for post-conviction relief in state court. (Doc. No. 1 at 3.)

In 2018, Mr. Kellon filed in this Court a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. *Kellon v. Payne*, No. 5:18-cv-00165-JM (E.D. Ark. June 26, 2018). He raised multiple claims alleging ineffective assistance of trial counsel, lack of jurisdiction, insufficiency of the evidence, and trial court error. *Id*. at Doc. No. 1. The petition was dismissed with prejudice in its entirety on the basis that some claims were inexcusably procedurally defaulted and others had been reasonably adjudicated in state court. *Id*. at Doc. Nos. 42, 45. The United States Court of Appeals for the Eighth Circuit denied Mr. Kellon's application for a certificate of appealability and dismissed his appeal. *Kellon v. Payne*, No. 20-1067 (8th Cir. May 7, 2020). Mr. Kellon then filed two motions for authorization to file a successive habeas corpus petition; the Eighth Circuit denied both. *Kellon v. Payne*, No. 23-1356 (8th Cir. Mar. 20, 2023); *Kellon v. Payne*, No. 23-1852 (8th Cir. May 16, 2023).

Mr. Kellon now brings the instant Petition for Writ of Habeas Corpus pursuant to § 2254. (Doc. No. 1.) He alleges the probable cause affidavit supporting the warrant for his arrest contained false information, which deprived the trial court of jurisdiction. (*Id*. at 5, 15.) I have conducted a preliminary review of Mr. Kellon's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition be dismissed without prejudice.

II.    ANALYSIS

In accordance with 28 U.S.C. § 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir.

2011).  Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition.  *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007).  A court of appeals may authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements.  28 U.S.C. § 2244(b)(3)(C).  Specifically, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id*. at § 2244(b)(2).  Claims asserted in a second or successive habeas petition that were presented in a prior petition must be dismissed.  *Id*. at § 2244(b)(1).

The language of § 2244(b) is binding, and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition.  28 U.S.C. § 2244(b)(3); *see also Williams*, 658 F.3d at 853 ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing.").  Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition" until the court of appeals has granted the petitioner permission to file one.  *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  The record shows Mr. Kellon has not received authorization from the Eighth Circuit to file this Petition.  Therefore, this Court lacks jurisdiction over his claim.

If Mr. Kellon wishes to pursue relief, he must first obtain permission from the Eighth Circuit to file a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (emphasis added) (the court of appeals must determine that a successive petition meets § 2244(b)(2)'s new-rule or actual-innocence provisions *before* the district court may accept it for filing). At present, this Court simply does not have jurisdiction over Mr. Kellon's claim. His Petition should be dismissed without prejudice so he may refile should the Eighth Circuit grant him permission to proceed.

### III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Kellon's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 23rd day of May 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE